1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              No.  2:06-CR-00293 MCE

12              Plaintiff,

13       v.                                 **ORDER DENYING DEFENDANT'S
                                            MOTION TO REVOKE AND TERMINATE
14  MARTIN GALLEGOS-GONZALES,              SUPERVISED RELEASE**

15              Defendant.

16

17          Presently before the Court is a motion to revoke and terminate supervised release

18  filed by Defendant Martin Gallegos-Gonzales.  (ECF No. 17.)  On October 3, 2006,

19  Defendant pled guilty to a violation of 8 U.S.C. § 1326(a), Deported Alien Found in the

20  United States, and was sentenced by this Court to a term of 51 months of imprisonment

21  and 36 months of supervised release.  (ECF Nos. 10, 13.)  One of the conditions of

22  supervised release was that, following deportation from the United States, Defendant

23  was to remain outside the United States absent consent of the Attorney General or the

24  Secretary of the Department of Homeland Security.  (ECF No. 13, at 4.)  As reflected in

25  the Petition for Warrant or Summons for Offender under Supervision ("Petition") filed by

26  the U.S. Probation Office in this Court, Defendant was arrested for illegally re-entering

27  the United States only 22 days after being deported.  (ECF No. 14, at 2, 5.)

28  ///

                                    1

Subsequently, Defendant was prosecuted in the Southern District of California and pled guilty to the charge of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.  On October 18, 2010, that district court sentenced Defendant to 63 months in prison and 36 months of supervised release.  (ECF No. 17, at 102; ECF No. 19, at 2.)

Defendant now asks this Court to revoke and terminate the term of supervised release imposed by this Court on October 3, 2006.  Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate supervised release after the expiration of one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  When making this determination, the Court must assess the relevant factors set forth in 18 U.S.C. § 3553(a), as well as the applicable guidelines and policy statements issued by the Sentencing Commission.  18 U.S.C. § 3583(e); United States v. Trenter, 201 F.3d 1262, 1263 (9th Cir. 2000).  First, Defendant does not qualify for early termination of supervised release under 18 U.S.C. § 3583(e) because he violated the conditions of his release before the expiration of "one year of supervision."  Second, early termination is not warranted in this case because the relevant section 3553(a) factors[1] disfavor such termination.  Defendant's violation here is nearly identical to the original offense conduct, and it occurred only 22 days after Defendant was released from custody.  Defendant has achieved a criminal history category of VI, the highest possible category.  Further, as noted in the Petition, Defendant has been previously deported at least seven times.  (ECF No. 14, at 2.)  Thus, the nature of Defendant's offense and his personal history do not warrant early termination of supervised release.

///

---

[1] In the context of supervised release, the relevant factors include, inter alia: (1) the nature and circumstances of the offence and the history and characteristics of the defendant, (2) the need of any sentence imposed to afford adequate deterrence to criminal conduct; (3) the need to protect the public from future crimes of the defendant; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  See 18 U.S.C. §§ 3583(e), 3553(a)(1), 3553(a)(2)(B)-(C), 3553(a)(4)-(6).

1    Moreover, given Defendant's continued disregard for the rule of law and breach of the

2    Court's trust, terminating Defendant's supervised release would run contrary to the need

3    to deter criminal conduct and protect the public from Defendant's future offenses.

4        For its part, Defendant argues that recent amendments to U.S.S.G. § 5D1.1(c)

5    warrant revocation and termination of supervised release in this case. (ECF No. 17, at

6    2.) Pursuant to the amended sentencing guidelines in Section 5D1.1, which became

7    effective on November 1, 2011, "[t]he Court ordinarily should not impose a term of

8    supervised release in a case in which supervised release is not required by statute and

9    the defendant is a deportable alien who likely will be deported after imprisonment."

10    U.S.S.G. § 5D1.1(c). Relying on Application Note 5 to Section 5D1.1, Defendant argues

11    that the need to afford adequate deterrence and protect the public in this case is

12    adequately served by a new prosecution thus obviating the need for supervised release.

13    (ECF No. 17, at 2-3.) Defendant further states that, since the Amendment became

14    effective, the probation office recommends no term of supervised release in cases

15    involving § 1326 offenders. (ECF No. 17, at 3.)

16        However, as the government correctly points out, the term of supervised release

17    in this case was imposed prior to the amendment to U.S.S.G. § 5D1.1(c) thus making

18    the amendment inapplicable in this case. See U.S. v. Gonzalez-Munoz, 2012 WL

19    2466963, at *1 (E.D. Cal. June 27, 2012) (suggesting that the amendment did not apply

20    retroactively). Even were the Court to consider the amendment to U.S.S.G. § 5D1.1

21    retroactively, Defendant would not be entitled to revocation of his supervised release.

22    "The guidance against supervised release under [Section] 5D1.1(c) is hortatory rather

23    than mandatory." United States v. Martinez-Berrios, 2012 WL 6634605, at *1 (5th Cir.

24    Dec. 21, 2012); see also United States v. Valdavinos-Torres, --F.3d--, 2012 WL

25    6621314, at *11-12 (9th Cir. Dec.20, 2012) (concluding that Section 5D1.1 provides

26    district courts with discretion to impose supervised release based on the circumstances

27    of a particular case).

28    ///

1   Commentary to Section 5D1.1, on which Defendant relies, explicitly authorizes a district

2   court to impose a term of supervised release on a defendant "if the court determines that

3   it would provide an added measure of deterrence and protection based on the facts and

4   circumstances of a particular case." U.S.S.G. § 5D1.1, cmt. 5. As discussed above,

5   Defendant is a repeat offender with criminal history category VI, who had been deported

6   at least seven times and who re-entered the United States illegally less than a month

7   after being deported. Defendant's conduct demonstrates no respect for the rule of law

8   or this Court's orders. Thus, a term of supervised release and an appropriate

9   punishment for a violation of the conditions of supervised release "would provide an

10  added measure of deterrence and protection" in this case. See Gonzalez-Munoz, 2012

11  WL 2466963, at *1 (denying motion to revoke and terminate supervised release where

12  the defendant was "a repeat offender, committing the same crime again and again by

13  returning to this country without permission"). Accordingly, neither revocation nor

14  termination of Defendant's supervised release is warranted.

15       Based on the foregoing, the Court DENIES Defendant's motion to revoke and

16  terminate supervised release. Alternatively, Defendant asks this Court to bring him to

17  the Eastern District of California so that he can admit his violation and receive a

18  sentence that will run concurrently to the 63 months he is currently serving. (ECF

19  No. 17, at 2.) To clarify the parties' positions with respect to scheduling Defendant's

20  dispositional and revocation hearings, the Court ORDERS a status conference to be set

21  **on January 24, 2013 at 9 a.m.** in Courtroom 7.

22       IT IS SO ORDERED.
    Dated: January 8, 2013
23

24  _____

25  MORRISON C. ENGLAND, JR., CHIEF JUDGE
    UNITED STATES DISTRICT COURT
26

27

28

4